UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF NEW YORK
..............................................................

AJADYAN VENNY, individually and as
parent and guardian of infant SCOTT L. VENNY MAYO, JR.,
deceased, and BARBARA THERESA REUBEN as
Administrator of the Estate of SCOTT L. VENNY MAYO, JR.

<table>
<tr><td>Plaintiff,</td><td>**CIVIL RIGHTS<br>AMENDED COMPLAINT<br>PURSUANT TO**</td></tr>
</table>

                                         Plaintiff,                             **CIVIL RIGHTS<br>AMENDED COMPLAINT<br>PURSUANT TO<br>42 U.S.C. §§ 1983 & 1988**

   - against -

                                                **Case No. 04-CV-1043<br>(GLS/DRH)**

THE COUNTY OF ALBANY; ALBANY COUNTY
SHERIFF'S DEPARTMENT; JAMES L. CAMPBELL, Individually
And as Sheriff of ALBANY COUNTY SHERIFF'S DEPARTMENT;
DONNA HUNT, Individually and as an Agent, and/or Employee of
THE COUNTY OF ALBANY; PRISON HEALTH SERVICES, INC.
Individually and as an Agent, And/or Employee of THE COUNTY OF ALBANY;
AMERICAN SERVICE GROUP, INC., Individually and as an Agent,
And/or Employee of THE COUNTY OF ALBANY;
and "JOHN DOE" and "JANE DOE", Individually and being
Unnamed Agents, and/or Employees of THE COUNTY OF ALBANY,

                                 Defendants.
..............................................................

       Plaintiff AJADYAN VENNY, individually and as parent and guardian of infant SCOTT

MAYO, JR., deceased, and BARBARA THERESA REUBEN as Administrator of the Estate of

SCOTT L. VENNY MAYO, JR, by and through their attorneys, Tobin and Dempf, LLP (Kevin

A. Luibrand, of counsel), as and for an Amended Complaint against defendants, states and

alleges the following:

## Introduction

1.      This is an action at law to redress the deprivation by defendants, acting under color of statute, ordinance, regulation, custom and/or usage, of a right, privilege or immunity secured to plaintiff by the Eighth and Fourteenth Amendments to the Constitution of the United States of America with intent to deny plaintiff her civil rights, all of which arise under Federal Law, particularly Title 42 U.S.C. §§ 1983 and 1988, and the Constitution, Laws and Statutes of the United States and the State of New York.

## Jurisdiction

2.      This action arises under the United States Constitution, particularly under the provisions of the Eight Amendment made applicable to the state through the Fourteenth Amendment to the Constitution of the United States, and under Federal Law, particularly Title 42 of the United States Code, §§ 1983 and 1988.

3.      This Court has jurisdiction of this case under and by virtue of Title 28 of the United States Code, §§ 1331, 1343 and 2201.   Jurisdiction of the New York State common law claims arise from the pendent jurisdiction of this court.

## The Parties

4.      Plaintiff Ajadyan Venny (hereinafter "Venny") is a citizen of the United States of America and, at the and at all times material hereto, was a resident of the City of New York, State of New York.

5.      Plaintiff Scott Mayo, Jr. is the deceased infant son of plaintiff Venny.   During the approximate two days that the infant lived he was a citizen of the United States of America

and, at the and at all times material hereto, remained at Albany Medical Center Hospital's Neonatal Intensive Care Unit.

5.1    Ms. Barbara Theresa Reuben is the maternal grandmother of infant plaintiff Scott L. Venny Mayo, deceased.  On April 21st, 2005 the New York Surrogate's Court for Bronx County granted limited letters of administration to Ms. Reuben.  As such, Barbara Theresa Reuben, administrator of the Estate of Scott L. Venny Mayo, is the plaintiff-representative for the Estate of the infant plaintiff.

6.    Defendant COUNTY OF ALBANY (hereinafter "Albany County") is a municipal corporation and governmental subdivision of the State of New York located in the County of Albany, and was at all times relevant hereto, the employer of defendants PRISON HEALTH SERVICES, INC., AMERICAN SERVICE GROUP, INC., DONNA HUNT, JOHN DOE and JANE DOE described hereinafter.

7.    Defendant ALBANY COUNTY SHERIFF'S DEPARTMENT is a division of the County of Albany and is responsible for the operation of Albany County Correctional Facility.

8.    Defendant JAMES L. CAMPBELL (hereinafter "Sheriff Campbell") is the Sheriff of ALBANY COUNTY SHERIFF'S DEPARTMENT and is responsible for establishing, approving, instituting and enforcing the policies, ordinances, regulations, customs and practices of the County of Albany insofar as relates to the Albany County Correctional Facility.

9.    Upon information and belief, defendant PRISON HEALTH SERVICES, INC. (hereinafter "PHS) was and is a foreign business corporation existing under the laws of the

State of Delaware with its principal executive office located in Brentwood, Tennessee and its New York State Department of State process address of c/o C T Corporation System, 111 Eight Avenue, New York, New York 10011.

10.     Upon information and belief, defendant AMERICAN SERVICE GROUP, INC. (hereinafter "ASP) was and is foreign business corporation existing under the laws of the State of Delaware with its principal executive office located in Brentwood, Tennessee and its New York State Department of State process address of c/o C T Corporation System, 111 Eight Avenue, New York, New York 10011.

11.     PHS is a wholly owned subsidiary of ASP.

12.     Defendant DONNA HUNT (hereinafter "nurse Hunt") is a registered nurse providing medical services to inmates of the Albany County Correctional Facility, and, at all times material hereto, upon information and belief, is a resident of the County of Schenectady, State of New York.

13.     Nurse Hunt is an agent and/or representative of defendants Albany County, PHS and ASP.

14.     Defendants "John Doe" and "Jane Doe" are unnamed employees and/or agents of the defendant Albany County working as medical personnel of Albany County and/or correctional officers of the Albany County Sheriff's Department at the Albany County Correctional Facility, and upon information and belief, are residents of the County of Albany, State of New York.

4

15.     At all times relevant hereto, defendants were agents, employees and/or officers of the defendant Albany County.

16.     Each and all of the acts of the defendants alleged herein were done by the defendants, and each of them, under color of law, to wit, under the color and pretense of statutes, ordinances, regulations, customs, policies and usages of the State of New York and the County of Albany.

17.     At all times herein relevant, the defendants were acting within the scope of their employment.

18.     The plaintiff sues each of the defendants in his or its individual and official capacities.

## THE FACTS

19.     On or about August 30, 2001, the plaintiff, then age twenty-two (22), was in the custody of defendants County of Albany and Albany County Sheriff's Department pending trial, and was housed in the Albany County Correctional Facility operated by said defendants.

20.     On or about August 30, 2001, plaintiff, upon being placed in the custody of defendant Albany County through its Albany County Correctional Facility, was directed to the intake area where she was processed as a new inmate following standard procedures promulgated by defendant Albany County through its Sheriff's Department and PHS and ASP.

21.     Defendant Albany County entrusts the necessary medical care of its Albany County Correctional Facility inmates exclusively to defendants ALBANY COUNTY SHERIFF'S DEPARTMENT, PHS, ASP, DONNA HUNT, "JOHN DOE" and "JANE DOE".

22.     Due to the staffing practices and procedures arranged, promulgated and controlled by Albany County, inmates at Albany County Correctional Facility have no choice in deciding whether contract staff or direct employees will provide their necessary medical care. Defendants assigned and/or directed medical personnel and/or correctional officers, including defendants PHS, ASP, DONNA HUNT, "JOHN DOE" and "JANE DOE", to provide for the care, treatment, direction, monitoring, safety and well-being of plaintiff.

23.     On or about August 30, 2001, plaintiff provided her consent "for professional services to be provided to me by and through Prison Health Services, Inc." as she signed a PHS Receiving Screening form as part of her admissions process at Albany County Correctional Facility.

24.     On or about August 30, 2001, during the admissions process of Albany County Correctional Facility plaintiff provided information about her history of asthma and reported that she was approximately five (5) months pregnant with a weight gain of ten (10) pounds and prenatal care at a health center in the Bronx.

25.     The LPN completed the first part of the PHS Medical History and Assessment form and did not obtain any additional medical history.

26.     Plaintiff was referred to a nurse practitioner and/or obstetrics consultant, she provided a urine sample, a pregnancy test was performed and lab results confirmed that she was pregnant.

27.     Upon information and belief, no blood or other bodily fluid samples was taken from plaintiff during this time.

28.    On or about August 30, 2001, plaintiff received a cursory initial physical examination. Upon information and belief, this examination did not include a vaginal or cervical examination.

29.    Plaintiff began complaining about pain in her back and stomach area within the first few days of being in custody at the Albany County Correctional Facility.   On at least one occasion, plaintiff was taken to the medical station/nurses station where she informed defendant nurse Hunt of abdominal pain she was experiencing.   Nurse Hunt informed plaintiff that this kind of pain is a normal result of being pregnant and being incarcerated, which is a stressful environment.

30.    Nurse Hunt did not notify Medical Director and/or Obstetrics and Gynecology physician about plaintiff's medical problem of cramping and abdominal pain.

31.    On a daily basis, plaintiff reported to nurse Hunt and/or others employees of Albany County and/or PHS that she continued to experience painful cramping in her back and stomach area.

32.    On or about September 4, 2001, plaintiff was scheduled to be evaluated by an obstetrics consultant.   However, the evaluation was cancelled and the obstetrics evaluation was not rescheduled.

33.    On or about September 9, 2001, at approximately 5:00 a.m. plaintiff experienced painful abdominal gas and cramping and believed it was the same kind of pain nurse Hunt told plaintiff was a normal result of being pregnant and being under a stressful environment. As time passed, the pain continually intensified and became intolerable.

7

34.     Shortly thereafter, plaintiff, and the other female inmate who accompanied plaintiff in her dorm, called out from the dorm to anyone who would hear their pleas for assistance. During this time, the other female who accompanied plaintiff in her dorm informed a correctional officer that plaintiff, who was in labor, was in significant pain.

35.     At approximately 6:30 a.m., a correctional officer from the 11 p.m. to 7 a.m. shift told plaintiff, who was in full labor, that she would have to wait for medical assistance until the shift change at 7 a.m.

36.     Sometime thereafter, a correctional officer for the day shift spoke with the 11 p.m to 7 a.m. correctional officer and then spoke with plaintiff who stated she was in significant abdominal pain which was the end stage of child labor.

37.     Additional time passed until a day shift correctional officer contacted the RN on duty and instructed security to transport plaintiff to the medical unit.

38.     Plaintiff continued to experience severe cramping and was unable to walk to the medical unit as she underwent labor.

39.     Defendant nurse Hunt informed security and/or correctional officers that she was the only nurse in the medical station and could not come to plaintiff at that time and asked "what do you mean she can't move?" Nurse Hunt was again informed that plaintiff needed to be evaluated by medical staff as her labor continued.

40.     During this time, plaintiff remained in her dorm area and was sitting on the toilet in labor in significant pain and was crying as she bled onto the floor of her cell.

8

41.    A correctional officer notified a sergeant via radio.  The sergeant radioed an officer in the hallway of the medical unit and directed the officer to order nurse Hunt that she was required to attend to plaintiff immediately.

42.    At approximately 7:15 a.m., nurse Hunt responded to the dorm bringing with her only a blood pressure cuff to attend to plaintiff who was in the end stage of labor.

43.    When nurse Hunt reached plaintiff, she attempted to console plaintiff rather than rendered medical assistance.  Nurse Hunt did not instruct plaintiff to lie down to decrease vaginal bleeding and she did not check the area to determine if plaintiff had delivered a child. Nurse Hunt did not provide medical care instructions to the correctional officers.

44.    Thereafter, plaintiff was assisted back to her bunk.  Nurse Hunt listened to plaintiff's abdomen.  Nurse Hunt did not alert correctional officers to the fact that she could not detect a fetal heartbeat.

45.    At approximately 7:18 a.m., nurse Hunt informed a sergeant that plaintiff had suffered a miscarriage presuming incorrectly that the baby died in utero, and instructed a sergeant on the scene that an ambulance was needed.  The sergeant relayed this information to the control room of Albany County Correctional Facility.  Thereafter, an Albany County Correctional Facility control room officer contacted Colonie Emergency Medical Services ("EMS").

46.    A Colonie EMS worker asked the control room officer if there was a baby and if there was someone on the scene who could initiate CPR.  The control room officer contacted the sergeant in plaintiff's dorm and relayed the EMS questions.  The sergeant asked nurse Hunt if there was a baby.

47.   A sergeant then began looking for a baby and checked the toilet where plaintiff had been sitting and observed that there was a sac containing a child who had been unattended for a substantial period of time.

48.   Nurse Hunt, as the official medically trained person in the dorm, did not take control of the critical situation.

49.   A correctional officer removed the sac containing plaintiff's son from the toilet and placed the unopened sac on some sheets on the cell floor.  Correctional officers asked nurse Hunt for instructions on how to proceed.  Nurse Hunt indicated that the sac needed to be opened.  Correctional officers asked nurse Hunt how to open the sac because they only had a pen on their person.  Nurse Hunt responded that a "scalpel-like knife" was needed but she had no medical equipment with her.

50.   A correctional officer left the dorm area, went to the medical unit, retrieved a pair of scissors and gave the scissors to the same correctional officer who initially removed the sac containing the child from the toilet.  This correctional officer removed the baby boy from the sac.

51.   Nurse Hunt listened for a fetal heart and determined that there was a heartbeat, but did not stimulate the baby to initiate breathing or activity.

52.   A correctional officer removed the umbilical cord from around the baby boy's neck and cut and tied it.

53.   At approximately 7:29 a.m. an ambulance arrived.  EMS technicians initially found the baby unresponsive, limp and skin color mottled.  The ambulance transported the child at

approximately 7:53 a.m and the baby's color showed some improvement and a fetal heartbeat was recorded.  The ambulance arrived at Albany Medical Center Hospital at approximately 8:07 a.m.

54.     Emergency efforts continued at the Emergency Room of Albany Medical Center Hospital, and the baby was admitted to the Neonatal Intensive Care Unit and remained in critical condition.

55.     Plaintiff was also transported via ambulance to Albany Medical Center Hospital where she was evaluated.

56.     On or about September 10, 2001, plaintiff was discharged from Albany Medical Center Hospital and was returned to the infirmary of Albany County Correctional Facility at approximately 6:20 p.m.

57.     While at the infirmary, plaintiff received no abdominal assessment, no mental health counseling and no pain medication as recommended by Albany Medical Center Hospital physicians.

58.     On or about September 11, 2001 at approximately 2:00 a.m. infant Scott Mayo, Jr. went into respiratory arrest and members of Albany Medical Center Hospital initiated emergency efforts which continued until approximately 3:02 a.m. without success.

59.     On or about September 11, 2001 at approximately 2:00 a.m. staff from Albany Medical Center Hospital contacted the medical department at Albany County Correctional Facility to have plaintiff advised of the deteriorating health condition of her infant son.

11

60.    Administration at Albany County Correctional Facility refused to inform plaintiff about the fact that her baby was in cardiac arrest and refused to transport plaintiff to Albany Medical Center.

61.    Albany County Correctional Facility medical records reflect an entry on a September 11, 2001 infirmary form that plaintiff's baby died at 3:00 a.m.

62.    At approximately 8:50 a.m. on September 11, 2001, plaintiff was informed that her son died during the early morning.  Plaintiff was provided 600 milligrams of Motrin.  No post-partum plan of evaluation was formulated.

63.    At all times herein relevant, defendants ALBANY COUNTY, PHS, ASP, DONNA HUNT, "JOHN DOE" and "JANE DOE" held themselves out to the general public and citizens and/or inmates of Albany County Correctional Facility, including plaintiff, to be competent, qualified and skilled in evaluating, monitoring and providing necessary medical services in a safe, stable and therapeutic environment.

64.    At all times herein relevant, defendant ALBANY COUNTY through defendants PHS, ASP, DONNA HUNT, "JOHN DOE" and "JANE DOE" held itself out to the general public and citizens and/or inmates of Albany County Correctional Facility, including plaintiff, to be competent, qualified and skilled in evaluating, monitoring and providing necessary medical services to inmates placed in its custody in a safe, stable and therapeutic environment.

65.    At all times herein relevant, defendant Albany County through defendants PHS, ASP, DONNA HUNT, "JOHN DOE" and "JANE DOE" for the purposes of and in the course of its business in maintaining, operating and/or overseeing Albany County Correctional Facility

12

responsibilities, employed and/or had under their direction, control, supervision, and management various professional medical staff and correctional officers who engaged in the occupation and business of providing examination, care, diagnosis, prescription, treatment, direction, management, evaluation, testing, inspection, observation, maintenance, and/or monitoring and other necessary advice and/or attention for the necessary medical care, safety and well-being of inmates placed within the confines of Albany County Correctional Facility, and that said defendants had and provided the facilities, equipment, medication, instruments, and other medical modalities therefore.

66.     At the above time and place, and thereupon, without cause or legal right, the defendants ALBANY COUNTY, ALBANY COUNTY SHERIFF'S DEPARTMENT, PHS, ASP, DONNA HUNT, "JOHN DOE" and "JANE DOE" did, under the color of law of the State of New York and/or the County of Albany, seriously injure plaintiff through deliberate indifference to plaintiff's health, safety and welfare.

67.     At the above time and place, and thereupon, without cause or legal right, the defendants ALBANY COUNTY, ALBANY COUNTY SHERIFF'S DEPARTMENT, PHS, ASP, DONNA HUNT, "JOHN DOE" and "JANE DOE" did, under the color of law of the State of New York and/or the County of Albany, seriously injure plaintiff's infant son through deliberate indifference to his health, safety and welfare.

68.     At the above time and place, and thereupon, without cause or legal right, the defendants ALBANY COUNTY, ALBANY COUNTY SHERIFF'S DEPARTMENT, PHS, ASP, DONNA HUNT, "JOHN DOE" and "JANE DOE" did, under the color of law of the State of

13

New York and/or the County of Albany, deny plaintiff necessary and/or adequate medical treatment.

69.     At the above time and place, and thereupon, without cause or legal right, the defendants ALBANY COUNTY, ALBANY COUNTY SHERIFF'S DEPARTMENT, PHS, ASP, DONNA HUNT, "JOHN DOE" and "JANE DOE" did, under the color of law of the State of New York and/or the County of Albany, deny plaintiff's infant son necessary and/or adequate medical treatment.

70.     At that time and place, the defendants ALBANY COUNTY, ALBANY COUNTY SHERIFF'S DEPARTMENT, PHS, ASP, DONNA HUNT, "JOHN DOE" and "JANE DOE" were then, as part of their regular and official employment as professional medical staff and/or correctional officers for the Albany County Correctional Facility, engaged in conducting their official duties and wearing official uniforms, insignia and badges of the Albany County Correctional Facility and/or PHS.

71.     At all times mentioned herein, plaintiff was not violating any laws, was not attempting to interfere with defendants ALBANY COUNTY, ALBANY COUNTY SHERIFF'S DEPARTMENT, PHS, ASP, DONNA HUNT, "JOHN DOE" and "JANE DOE" execution of their duties, and was not engaged in any unlawful behavior toward these professional medical staff and/or correctional officers.   The conduct of the defendants ALBANY COUNTY, ALBANY COUNTY SHERIFF'S DEPARTMENT, PHS, ASP, DONNA HUNT, "JOHN DOE" and "JANE DOE" in delay and/or denial of medical treatment was unnecessary and unjustified by any actions of plaintiffs.

72.   The direct and proximate result of the defendants ALBANY COUNTY, ALBANY COUNTY SHERIFF'S DEPARTMENT, PHS, ASP, DONNA HUNT, "JOHN DOE" and "JANE DOE" acts and omissions the resulting violation of plaintiff's United States Constitutional rights is that plaintiff was forced to endure pain and mental abuse, to endure embarrassment, humiliation, fear, and to suffer the loss of her child.

73.   The defendants ALBANY COUNTY, ALBANY COUNTY SHERIFF'S DEPARTMENT, PHS, ASP, DONNA HUNT, "JOHN DOE" and "JANE DOE" were aware, or should have been aware, that plaintiff was a pregnant inmate and that a pregnant condition carries with it certain health risks, and that abdominal cramping should be monitored and/or medical services rendered for the health, safety, well-being, diagnosis, treatment and viability of plaintiff and her unborn son.

74.   Defendants ALBANY COUNTY, ALBANY COUNTY SHERIFF'S DEPARTMENT, PHS, ASP, DONNA HUNT, "JOHN DOE" and "JANE DOE" failed to provide plaintiff with information concerning the serious medical condition associated with abdominal cramping during pregnancy, the kind of monitoring and care that plaintiff should be receiving from physicians as a result of her medical condition, timely notification of the rapidly deteriorating condition of her premature son, and the kind of care that plaintiff should have received a result of the untimely death of her infant son.

75.   Defendants ALBANY COUNTY, ALBANY COUNTY SHERIFF'S DEPARTMENT, PHS, ASP, DONNA HUNT, "JOHN DOE" and "JANE DOE" knew or should have known

that plaintiff's infant son was born in the Albany Correctional Facility toilet yet failed to timely check the area for evidence of a child.

76.     Defendants ALBANY COUNTY, ALBANY COUNTY SHERIFF'S DEPARTMENT, PHS, ASP, DONNA HUNT, "JOHN DOE" and "JANE DOE" failed to timely remove plaintiff's infant son from the toilet and failed to timely remove the infant from his fetal sac.

77.     Defendants ALBANY COUNTY, ALBANY COUNTY SHERIFF'S DEPARTMENT, PHS, ASP, DONNA HUNT, "JOHN DOE" and "JANE DOE" failed to timely contact emergency medical services to transport plaintiff and her infant son to an appropriate emergency medical facility.

78.     Defendants ALBANY COUNTY, ALBANY COUNTY SHERIFF'S DEPARTMENT, SHERIFF CAMPBELL, PHS, ASP, DONNA HUNT, "JOHN DOE" and "JANE DOE" through their reckless, careless, negligent and intentional aforesaid actions and/or omissions, negligently, recklessly, carelessly and intentionally violated the constitutional rights of plaintiff and her infant son to receive necessary medical care, and negligently hired, trained, supervised and/or retained defendants PHS, ASP, DONNA HUNT, "JOHN DOE" and "JANE DOE."

79.     As a proximate cause of the reckless, careless, negligent and intentional aforesaid actions and/or omissions of defendants ALBANY COUNTY, ALBANY COUNTY SHERIFF'S DEPARTMENT, SHERIFF CAMPBELL, PHS, ASP, DONNA HUNT, "JOHN DOE" and "JANE DOE", plaintiff suffered injuries, suffered abdominal cramping for days without proper treatment, prematurely delivered her son in a toilet, was not informed that her son was

in cardiac arrest, was not able to spend time with her son before he passed away, suffered the loss of her baby boy, was not provided post-partum care and counseling, suffers from mental and emotional damages resulting from the loss of her son, was deprived of the relationship between parent and child, and was forced to endure embarrassment, humiliation, fear, and suffered injuries to her physical, mental and moral welfare.

80.    Plaintiff AJADYAN VENNY, individually and as parent and guardian of infant SCOTT MAYO, JR., deceased, respectfully bring this action against defendants THE COUNTY OF ALBANY, ALBANY COUNTY SHERIFF'S DEPARTMENT, SHERIFF CAMPBELL, DONNA HUNT, Individually and as an Agent, and/or Employee of THE COUNTY OF ALBANY, PRISON HEALTH SERVICES, INC., Individually and as an Agent, and/or Employee of THE COUNTY OF ALBANY, AMERICAN SERVICE GROUP, INC., Individually and as an Agent, and/or Employee of THE COUNTY OF ALBANY.

### - CAUSES OF ACTION -

**AS AND FOR A FIRST CAUSE OF ACTION AGAINST DEFENDANTS, PLAINTIFF AJADYAN VENNY STATES AND ALLEGES THE FOLLOWING:**

*Denial of Civil Rights Pursuant to 42 U.S.C. §1983*

81.    Plaintiff Ajadyan Venny repeats and realleges paragraphs "1" through "80" and incorporates the same herein by reference.

82.    As the result of the aforesaid, plaintiff was caused to be subjected to the deprivation of rights, privileges and/or immunities secured by the Constitution and laws of this State and the

United States and has been damaged thereby.  The rights, privileges and immunities deprived

by defendants included, but are not limited to:

    (a)   Right to freedom from cruel and unusual punishment

    (b)   Right to be free from serious medical and/or physical harm

    (c)   Right to obtain necessary and/or adequate medical treatment

83.    Defendants    COUNTY    OF    ALBANY,    ALBANY    COUNTY    SHERIFF'S

DEPARTMENT, PHS, ASP, DONNA HUNT, "JOHN DOE" and "JANE DOE" actions

against plaintiff were undertaken with deliberate indifference, reckless disregard and/or

maliciousness against the plaintiff and/or plaintiff's rights.

84.    That as a proximate cause thereof, plaintiff suffered damages including, but not limited

to, pain and mental suffering, embarrassment, humiliation, fear, and to suffer the loss of her

child.

**AS AND FOR A SECOND CAUSE OF ACTION
AGAINST DEFENDANTS, PLAINTIFF AJADYAN
VENNY STATES AND ALLEGES THE FOLLOWING:**

***Unconstitutional Custom, Practice or Policy***

*(Municipal Liability under <u>Monell</u>)*

85.    Ajadyan Venny repeats and realleges paragraphs "1" through "84" and incorporates the

same herein by reference.

86.    Upon information and belief, defendant County of Albany, condoned, permitted,

encouraged and/or ratified a departmental policy, practice and/or custom to permit Albany

County Correctional Facility medical staff and/or correctional officers employed by the

County of Albany either directly or through contract to delay and/or withhold necessary and

adequate medical treatment to pregnant inmates, including pregnant plaintiff, who request access to medical services, to exposing pregnant inmates, including pregnant plaintiff, to unreasonable risk of miscarriage and/or premature high risk birth.

87.    That the County of Albany acted with deliberate indifference to the rights of pregnant inmates, including pregnant plaintiff, to whom the municipal employees and/or contract employees were known to come into contact by failing to investigate and act upon allegations of medical care, allegations of condoning and encouraging denial of medical care until shift changes and/or additional coverage at the medical and/or nurses station, allegations of failure to provide pre and post-natal care, allegations of failure to perform proper medical admissions paperwork and/or to obtain medical records of pregnant inmates, including plaintiff, failure to withhold information about the deteriorating health of an inmate's child, within the custody of the Albany County Correctional Facility.

88.    That the policy or custom of the Albany County Correctional Facility which serves to ratify or tacitly authorize the unconstitutional actions of the employees and/or agents of the Albany County Correctional Facility caused Ajadyan Venny to suffer constitutional deprivations and was the moving force behind Ajadyan Venny's constitutional deprivations.

## AS AND FOR A THIRD CAUSE OF ACTION AGAINST DEFENDANTS, PLAINTIFF AJADYAN VENNY STATES AND ALLEGES THE FOLLOWING:

### *Failure to Train*

### *(Municipal Liability under Monell)*

89.   Ajadyan Venny repeats and realleges paragraphs "1" through "88" and incorporates the same herein by reference.

90.   That upon information and belief, SHERIFF CAMPBELL as the Sheriff for the County of Albany is responsible for establishing, approving, instituting and enforcing the policies, ordinances, regulations, customs and practices of the County of Albany insofar as relates to the Albany County Correctional Facility.

91.   That the actions of the defendants as above alleged, including, but not limited to, the actions of:

     (a)    failing to provide adequate training to medical staff and/or correctional officers on the care of pregnant inmates and medical attention related to miscarriages and/or child birth;

     (b)    knowingly condoning, encouraging and/or permitting pregnant inmates to be placed in and remain in a cell while experiencing abdominal cramping and thereby exposing pregnant inmates to unreasonable risk of future harm including possible miscarriage and/or premature delivery;

     (c)    using their positions as medical providers and/or correctional officers to delay and/or deny necessary medical services to pregnant inmates and using their power to compel a pregnant inmate to endure painful abdominal cramping, blood loss, miscarriage and/or premature delivery, and untimely loss of a child

     (d)    unreasonably delaying the services of onsite medical staff to care and attend to the serious medical needs of a pregnant inmate suffering from

20

several days of abdominal cramping to obtain necessary and/or adequate medical evaluation;

(e)     failing to inform onsite medical physicians of a pregnant inmate complaining of suffering from several days of abdominal cramping to obtain necessary and/or adequate medical evaluation;

(f)     failing to be equipped with necessary medical instrumentation to attend to the serious medical needs of a pregnant inmate who is suffering from a miscarriage and/or premature delivery;

(g)     failing to be equipped with necessary medical instrumentation to attend to the serious medical needs of a newborn infant;

(h)     failing to arrange transport of a recognized injured inmate and newborn premature infant in distress to an offsite medical facility to obtain necessary emergency medical evaluation and treatment;

(i)     failing to timely inform an inmate parent about the deteriorating health of her child

(j)     negligently failing to complete admission paperwork and/or obtain medical records;

(k)     negligently failing to provide prenatal and post-partum medical services;

(l)     failing to intervene in the unconstitutional acts of co-employees and subordinates; and

(m)     assisting the unconstitutional acts of co-employees and subordinates

were taken in accordance with the custom, policy or practice of the County of Albany through its Albany County Correctional Facility.

92.     That the Sheriff for the County of Albany acted with deliberate indifference to the rights of the citizens to whom the municipal employees were known to come into contact by failing to properly train the employees and/or agents of the Albany County Correctional Facility to avoid improper actions which would likely cause constitutional deprivations.

21

93.     That the Sheriff for the County of Albany acted with deliberate indifference to the constitutional rights of Ajadyan Venny by maintaining a policy, practice or custom allowing unconstitutional acts and by failing to train Albany County Correctional Facility employees and/or agents with regard to proper and lawful procedures in providing medical services and treatment to pregnant inmates and premature infants born at said facility, minimizing risk of miscarriage and/or premature delivery, timely providing transport for recognized injured inmate and newborn premature infant in distress needing necessary emergency medical evaluation and treatment, and knowing or having reason to know that the policy, practice or custom and the failure to properly train Albany County Correctional Facility employees and/or agents as aforedescribed would result in a deprivation of the constitutional rights of the citizenry.

94.     That the deliberate indifference of the County of Albany through its Albany County Correctional Facility in maintaining a policy, practice or custom allowing unconstitutional acts and of failing to train jail employees and/or agents of the Albany County Correctional Facility with regard to proper and lawful procedures in proper medical services and treatment to pregnant inmates and premature infants born at said facility, minimizing risk of miscarriage and/or premature delivery, timely providing transport for recognized injured inmate and newborn premature infant in distress needing necessary emergency medical evaluation and treatment, caused Ajadyan Venny to suffer constitutional deprivations and was the moving force behind such constitutional deprivations.

22

## AS AND FOR A FOURTH CAUSE OF ACTION AGAINST DEFENDANTS, PLAINTIFF AJADYAN VENNY STATES AND ALLEGES THE FOLLOWING:

### *Failure to Supervise*

### *(Municipal Liability under <u>Monell</u>)*

95.    Ajadyan Venny repeats and realleges paragraphs "1" through "94" and incorporates the same herein by reference.

96.    That upon information and belief, SHERIFF CAMPBELL as the Sheriff for the County of Albany is the policymaker for the Albany County Correctional Facility and is responsible for instituting and enforcing the policies, ordinances, regulations, customs and practices of the County of Albany insofar as relates to the Albany County Correctional Facility.

97.    That the actions of the defendants as above alleged, including, but not limited to, the actions of:

       (a)    failing to provide adequate training to medical staff and/or correctional officers on the care of pregnant inmates and medical attention related to miscarriages and/or child birth;

       (b)    knowingly condoning, encouraging and/or permitting pregnant inmates to be placed in and remain in a cell while experiencing abdominal cramping and thereby exposing pregnant inmates to unreasonable risk of future harm including possible miscarriage and/or premature delivery;

       (c)    using their positions as medical providers and/or correctional officers to delay and/or deny necessary medical services to pregnant inmates and using their power to compel a pregnant inmate to endure painful abdominal cramping, blood loss, miscarriage and/or premature delivery, and untimely loss of a child

       (d)    unreasonably delaying the services of onsite medical staff to care and attend to the serious medical needs of a pregnant inmate suffering from

several days of abdominal cramping to obtain necessary and/or adequate medical evaluation;

(e)   failing to inform onsite medical physicians of a pregnant inmate complaining of suffering from several days of abdominal cramping to obtain necessary and/or adequate medical evaluation;

(f)   failing to be equipped with necessary medical instrumentation to attend to the serious medical needs of a pregnant inmate who is suffering from a miscarriage and/or premature delivery;

(g)   failing to be equipped with necessary medical instrumentation to attend to the serious medical needs of a newborn infant;

(h)   failing to arrange transport of a recognized injured inmate and newborn premature infant in distress to an offsite medical facility to obtain necessary emergency medical evaluation and treatment;

(i)   failing to timely inform an inmate parent about the deteriorating health of her child

(j)   negligently failing to complete admission paperwork and/or obtain medical records;

(k)   negligently failing to provide prenatal and post-partum medical services;

(l)   failing to intervene in the unconstitutional acts of co-employees and subordinates; and

(m)   assisting the unconstitutional acts of co-employees and subordinates

were taken in accordance with the custom, policy or practice of the County of Albany through its Albany County Correctional Facility.

98.   That the Sheriff for the County of Albany acted with deliberate indifference to the rights of the citizens to whom the municipal employees and/or agents were known to come into contact by failing to properly supervise or take remedial action against the municipal employees of the Albany County Correctional Facility for a pattern of unconstitutional acts

of said employees with regard to providing medical services to pregnant inmates, including but not limited to pre- and post-natal care, minimizing risk of miscarriage and/or premature delivery, timely providing transport for recognized injured inmate and newborn premature infant in distress needing necessary emergency medical evaluation and treatment.

99.    That the actions of the County of Albany in acting with deliberate indifference to the rights of Ajadyan Venny by failing to correct the pattern of unconstitutional acts of its employees and/or agents constitutes an official policy or custom which serves to ratify or tacitly authorizes the unconstitutional actions of the employees of the Albany County Correctional Facility.

100.   That the policy or custom of the Albany County Correctional Facility which serves to ratify or tacitly authorize the unconstitutional actions of the employees and/or agents of the Albany County Correctional Facility caused Ajadyan Venny to suffer constitutional deprivations and was the moving force behind Ajadyan Venny's constitutional deprivations.

**AS AND FOR A FIFTH CAUSE OF ACTION AGAINST DEFENDANTS, PLAINTIFF AJADYAN VENNY STATES AND ALLEGES THE FOLLOWING:**

*Negligence*

*(Pendent Claim)*

101.   Ajadyan Venny repeats and realleges paragraphs "1" through "100" and incorporates the same herein by reference.

102.   The defendants had a duty to conform their care to an appropriate standard of conduct with regard to inmate Ajadyan Venny with regard to Ajadyan Venny's safety, well-being and humane treatment as an inmate at Albany County Correctional Facility.

103.   Defendants did, in fact, breach that duty of care with regard to Ajadyan Venny's safety, well-being and humane treatment as an inmate at Albany County Correctional Facility.

104.   Defendants breach was the actual and proximate cause of Ajadyan Venny's injuries as a result of these actions and/or omissions.

105.   As a proximate result of the aforedescribed actions of the defendants, Ajadyan Venny suffered substantial damages including being forced to endure pain and mental abuse, to endure embarrassment, humiliation, fear and to suffer the loss of her child.

### AS AND FOR A SIXTH CAUSE OF ACTION AGAINST DEFENDANTS, PLAINTIFF AJADYAN VENNY STATES AND ALLEGES THE FOLLOWING:

*(Negligent Infliction of Emotional Distress)*

106.   Ajadyan Venny repeats and realleges paragraphs "1" through "105" and incorporates the same herein by reference.

107.   At all times herein relevant, defendants ALBANY COUNTY, ALBANY COUNTY SHERIFF'S DEPARTMENT, PHS, ASP, DONNA HUNT, "JOHN DOE" and "JANE DOE" held themselves out to the general public and citizens and/or inmates of Albany County Correctional Facility, including plaintiff, to be competent, qualified and skilled in evaluating, monitoring and providing necessary medical services in a safe, stable and therapeutic environment.

108.   The   defendants   ALBANY   COUNTY,   ALBANY   COUNTY   SHERIFF'S DEPARTMENT, PHS, ASP, DONNA HUNT, "JOHN DOE" and "JANE DOE" were aware, or should have been aware, that plaintiff was a pregnant inmate and that a pregnant condition carries with it certain health risks, and that abdominal cramping should be monitored and/or medical services rendered for the health, safety, well-being, diagnosis, treatment and viability of plaintiff and her unborn son.

109.   Beginning on or about August 30, 2001, defendants COUNTY OF ALBANY, ALBANY COUNTY SHERIFF'S DEPARTMENT, PHS, ASP, DONNA HUNT, "JOHN DOE" and "JANE DOE" negligently, carelessly and recklessly failed to render appropriate necessary medical care to plaintiff and plaintiff's infant son.

27

110.   A reasonably foreseeable consequence of defendants acts and/or omissions was to cause plaintiff severe emotional distress.

111.   Defendants knew or should have known denial of appropriate medical cares to plaintiff and plaintiff's infant son would unreasonably subject plaintiff to severe mental anguish.

112.   Plaintiff has suffered severe emotional trauma as a direct result of defendants' unlawful acts and failures to act. The emotional trauma suffered is genuine, substantial and proximately caused by defendants' conduct.

113.   The aforesaid incidents and resultant injuries and damages were caused without any fault on the part of the plaintiff.

114.   By reason of the foregoing, defendants have negligently inflicted emotional distress on the plaintiff thereby causing damage to the plaintiff.

115.   By reason of all the foregoing, plaintiff Aja Venny, individually and as parent and guardian of infant SCOTT MAYO, JR., deceased, suffered injuries, was forced to endure pain and mental abuse, to endure embarrassment, humiliation, fear and to suffer the loss of her child.

116.   By reason of all of the foregoing, substantial damages occurred thereby, and therefore plaintiffs demand and are entitled to damages.

28

**DEMAND FOR RELIEF**

**WHEREFORE,** plaintiff Ajadyan Venny demands judgment against the defendants as follows:

(a)     As and for her first cause of action, plaintiff Ajadyan Venny demands compensatory judgment jointly and severally against the defendants;

(b)     As and for her second cause of action, plaintiff Ajadyan Venny demands compensatory judgment jointly and severally against the defendants;

(c)     As and for her third cause of action, plaintiff Ajadyan Venny demands compensatory judgment jointly and severally against the defendants;

(d)     As and for her fourth cause of action, plaintiff Ajadyan Venny demands compensatory judgment jointly and severally against the defendants;

(e)     As and for her fifth cause of action, plaintiff Ajadyan Venny demands compensatory judgment jointly and severally against the defendants;

(f)     As and for her sixth cause of action, plaintiff Ajadyan Venny demands compensatory judgment jointly and severally against the defendants;

(g)     As and for her first through sixth causes of action, plaintiff Ajadyan Venny demands punitive damages against each of the individual defendants;

(h)     A comprehensive health assessment on all inmates who provide information regarding a pregnancy shall be completed within 24 hours.

(i)     The American College of Obstetrics and Gynecology (ACOG) Ante-partum record shall be used by all medical unit staff to record encounters with all pregnant inmates. An RN shall evaluate these inmates at least weekly.

(j)     A registered nurse, preferably with OB experience, be assigned to monitor pregnant inmates weekly and should include counseling and arrangements for care of the baby after delivery.

(k)     As part of the employment process, PHS shall verify the health assessment capability of all registered nurses.

29

(l)     A formalized system for scheduling inmates for an OB evaluation or to be seen by the Nurse Practitioner shall be implemented with date of referral and reason.

(m)    A formalized system be established for scheduling inmates for both the Nurse Practitioner and the OB/GYN consultant that includes the date of referral, reason for referral and any symptoms and date evaluated.

(n)     A committee involving the OB consultant shall be developed to prepare detailed policies and procedures for delivery of OB/GYN services.

(o)     A quality assurance study shall be completed of all inmates who received services by the OB/GYN consultant to determine that recommended care was initiated in a timely manner and that nursing completed the ACOG anti-partum form throughout pregnancies.

(p)     A committee shall be developed which includes PHS, jail administration, control monitor and mental health to develop policies and procedures for the operation of the 7 West dorm as a special unit for the housing of pregnant inmates.

(q)     The Health Service Administrator and Albany County Jail administration shall develop emergency medical related drills that are appropriate for each shift of medical and correctional staff and for weekend coverage that will serve as a guide for skills improvement or revision of procedures.

(r)     A system shall be developed for the night and evening shift whereby all facility nursing staff are alerted to an emergency so they can provide support. The County of Albany shall research the assignment of radios to nurses when they are on duty.

(s)     A review be completed as to whether the emergency bag that nurses are supposed to bring to housing units can be located at specific areas of the facility.

(t)     A formal system be developed of issue memos identified in a year, number and date format, these memos be maintained a binder containing all memos in appropriate locations of the medical unit, and a more formalized system be developed for distribution and control of the memos.

30

(u)     In an effort to improve accountability, the officers who complete supervisory/punch rounds shall record their rounds in the specific housing unit logs.

(v)     The PHS corporate office and County of Albany shall evaluate the level of health care administrative management at the Albany County Correctional Facility due to the continued problems of individual practitioners performing substandard to accepted professional standards and not following policies and procedures.

(w)     Creation of an Albany County Correctional Facility order relating to hospital visits for mothers whose infants remain hospitalized be reviewed to assure that mothers are transported to the hospital when their baby's clinical status has deteriorated.

(x)     Attorney fees for the plaintiff's attorney pursuant to 42 U.S.C. §1988; and

(y)     Such other and further relief as this court deems just, proper, and equitable.

Plaintiff hereby demands a jury trial with respect to both liability and damages.


Dated:  June 30, 2005                          Yours, etc.,

                                               TOBIN and DEMPF, LLP



                                               Kevin A. Luibrand, Esq.
                                               Bar Roll No. 102083
                                               Attorneys for Plaintiff
                                               Office and P.O. Address:
                                               33 Elk Street
                                               Albany, New York 12207
                                               Telephone:  (518) 463-1177
                                               Facsimile: (518) 463-7489
                                               Email: kluibrand@aol.com
                                                       kluibrand@tobindempf.com


31